(138 So. 670)

**POLMAN v. CONVERSE & CO.**

No. 30692.

Nov. 30, 1931.

Rehearing Denied Jan. 4, 1932.

McCloskey & Benedict and Wm. C. McLeod, all of New Orleans, for appellant.

John R. Perez, of New Orleans, for appellee.

ST. PAUL, J.

This is a suit to recover possession of a promissory note for $5,000, signed by the plaintiff and held by the defendant. The cause of action is alleged want of consideration. The defense is that the note was acquired in due course before maturity.

It appears the note was given to one Gable in payment for stock in a corporation which afterwards proved to have been insolvent at the time the note was given.

Gable sold the note to the defendant, before maturity for $3,000 cash and the remission of some small indebtedness. But before taking the note, the defendant telephoned the plaintiff and inquired if the note was genuine; and defendant assured plaintiff that it was, and made no other comment.

Plaintiff claims that the defendant knew that the note was given as the price of said stock, and that he also knew that the stock was worthless. The evidence does not bear out this contention. We are satisfied that the defendant took the note in good faith. Cf. Act No. 64 of 1904, § 56 (Negotiable Instrument Law).

Two suits are produced to show that the defendant knew the condition of the corporation and the worthlessness of its stock at the time he took the note, because (allegedly) these two suits, brought by himself, on simi-

lar notes obtained from the same Gable, were defended on the ground that the said stock was worthless. But the suits show no such thing. The first suit was defended on the ground that the note had been given for other securities than said stock and that said stock had been substituted for such securities; but the suit was won by this defendant. The other suit was defended on the ridiculous proposition that it was agreed at the time of giving the note that it was not to be paid, but was to be returned to the drawer with a profit. That suit was compromised for some reason that does not appear in the record.

There is no merit to plaintiff's claim.

The defendant has reconvened and asked for judgment on the note. He is entitled to such judgment.

### Decree.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that plaintiff's demand be rejected at his costs in both courts. It is further ordered that the defendants, Converse & Co., a partnership composed of Harry H. Converse and William V. Converse, do now have judgment and recover from plaintiff, Cornelius Polman, the full sum of $5,000, with interest at 8 per cent. per annum from June 19, 1928, until paid, together with 10 per cent. attorney's fees on principal and interest and all costs of both courts.